IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KEARY BURGER and
PHYLLIS BURGER                                                    PLAINTIFFS

VS.                                              Civil Action No. 1:09-cv-00264-LG-RHW

USAA CASUALTY INSURANCE COMPANY;
and JOHN DOES 1-10,

DEFENDANTS

## MOTION TO AMEND COMPLAINT

COMES NOW Plaintiffs Keary and Phyllis Burger and submit this their Motion to Amend Complaint, and in support thereof state as follows:

1. Plaintiffs seek to amend their initial Complaint. Plaintiffs filed their initial Complaint on April 15, 2009. The deadline for amending the complaint under the current case management order is July 15, 2009. Plaintiffs, through both formal and informal discovery, have learned that the USAA Casualty Insurance Company (hereafter "USAA"), with the payment it made to Plaintiffs for their Hurricane Katrina losses covered under their USAA policy, failed to compensate Plaintiffs for reasonably expected general contractor's overhead and profit, in violation of its duty to Plaintiffs and in contravention of insurance industry practice. Further, Plaintiffs also discovered that USAA frequently and arbitrarily fails to make payment for owed general contractor's overhead and profit when paying its insureds' claims for loss or damage to dwellings in Mississippi and throughout the United States.

1

2. In light of this knowledge, which Plaintiffs only recently acquired, Plaintiffs seek leave to amend and specifically pursue claims against USAA for its failure to pay Plaintiffs for general contractor's overhead and profit, in addition to Plaintiffs' previously alleged claims for USAA's failure to compensate Plaintiffs for their Hurricane Katrina losses covered under the Prime policy. Further, Plaintiffs seek to represent a class of USAA insureds in Mississippi and throughout the United States who, like Plaintiffs, were denied their rightfully owed compensation under the USAA policy for general contractor's overhead and profit. Plaintiffs' Proposed Amended Complaint is attached as Exhibit "1."

3. Plaintiffs' request for leave to amend meets the good cause standard. Plaintiffs have not unduly delayed their request for amendment to the detriment of USAA. USAA has conducted little discovery in the instant case, and the discovery end date does not conclude in this case for another six months: January 15, 2010. Thus, USAA has adequate time to inquire into the nature of Plaintiffs' additional claims and allegations; further, Plaintiffs, with the Court's consent, are amenable to extending the discovery deadline in the instant case, and the trial date, which is currently set for September 13, 2010. However, even without an extension of the discovery deadline or trial date, USAA will have sufficient time to conduct discovery into the nature of Plaintiffs' new allegations and claims. And Plaintiffs have not unduly delayed their amendment because they only recently, through informal and formal discovery, learned of USAA's arbitrary practice of failing to compensate some of its customers for general contractor's overhead and profit when they suffer a loss or damage to their real property.

4. Plaintiffs' Motion to Amend is brought in good faith and Plaintiffs are not attempting to delay the proceeding before this Court. Plaintiffs are acting in pursuit of their right to recover general contractor's overhead and profit under their USAA policy, and they likewise seek to vindicate this right on behalf of a nationwide class of USAA insureds who were also denied compensation for general contractor's overhead and profit. Further, Plaintiffs have not previously amended their Complaint, and only now seek to do so because of what they have learned about USAA's payment practices through formal and informal discovery. Plaintiffs are moving to amend within the Court's deadline for amendment set out in the Case Management Order entered on June 3, 2009. USAA will suffer no undue or substantial prejudice as a consequence of Plaintiffs' amendment.

5. Plaintiffs' allegations respecting USAA's arbitrary practice of failing to pay its insureds for general contractor's overhead and profit have merit; thus, granting Plaintiffs' Motion to Amend would not be futile. Plaintiffs' allegations are adequately pleaded and thus should survive a motion to dismiss if brought by USAA. For all the foregoing reasons, Plaintiffs respectfully request that this Court grant their Motion to Amend their initial Complaint.

DATED this 12th day of July, 2009

                                              Keary and Phyllis Burger, PLAINTIFFS

                                              By: <u>Dewitt M. Lovelace</u>
                                              Dewitt M. Lovelace
                                              LOVELACE LAW FIRM, PA
                                              The Lovelace Building, Suite 200
                                              12870 U.S. Highway 98 West
                                              Miramar Beach, FL 32550
                                              850/837-6020
                                              Fax: 850/837-4093

Email: dml@lovelacelaw.com

OF COUNSEL:

Don John W. Barrett
BARRETT LAW OFFICES
P.O. Box 987
Lexington, MS 39095-0987
662/834-2376
Email: dbarrett@barrettlawoffice.com

Thomas P. Thrash - PHV
THRASH LAW FIRM
1101 Garland Street
Little Rock, AR 72201
501/374-1058
Fax: 501/374-2222
Email: tomthrash@sbcglobal.net

## CERTIFICATE OF SERVICE

I, Dewitt M. Lovelace, do hereby certify that I have this day delivered by electronic service a true and correct copy of the above and foregoing document to:

W. Shan Thompson
COPELAND, COOK, TAYLOR & BUSH
P. O. Box 6020
Ridgeland, MS 39158-6020
601/856-7200
Email: sthompson@cctb.com

By: <u>Dewitt M. Lovelace</u>
Dewitt M. Lovelace
LOVELACE LAW FIRM, PA
The Lovelace Building, Suite 200
12870 U.S. Highway 98 West
Miramar Beach, FL 32550
850/837-6020

4

Fax: 850/837-4093
Email: dml@lovelacelaw.com

5