IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DIVISION

**KEARY BURGER and PHYLLIS BURGER**                                                **PLAINTIFFS**

**VERSUS**                                              **CIVIL ACTION NO. 1:09cv264-LG-RHW**

**USAA CASUALTY INSURANCE COMPANY**                                        **DEFENDANTS**

**ORDER**

  Before the Court is [28] Plaintiffs' July 13, 2009 motion to amend their complaint to add proposed class action allegations against USAA Casualty Insurance Company (USAA) for failing to properly pay its insureds general contractor's overhead and profit. Plaintiffs contend the amendment meets the good cause standard as they "only recently acquired" knowledge of this payment practice by USAA; they have not previously amended their complaint; and their motion to amend was filed within the time for amended pleadings under the case management order [16] entered June 3, 2009.[1] Plaintiffs "seek to represent a class of USAA insureds in Mississippi and throughout the United States who, like Plaintiffs, were denied their rightfully owed compensation under the USAA policy for general contractor's overhead and profit." [28, p. 2]

  Defendant urges the motion should be denied as futile because applicable case law indicates the class action allegations would likely be stricken for failure to satisfy Rule 23, Fed. R. Civ. P.; most class claims would be barred by Mississippi's statute of limitations; the conclusory allegations of Plaintiffs' proposed amended complaint fail to sufficiently plead fraudulent concealment and equitable estoppel to avoid the limitations bar; and the proposed class amendment would be unduly prejudicial. Defendant asserts, and Plaintiffs do not deny, that

---

[1] The deadline for amended pleadings was July 15, 2009.

Plaintiffs twice filed complaints for their Hurricane Katrina damages in state court before filing the complaint in this Court on April 15, 2009.  Defendant urges that while Plaintiffs may not have previously amended the complaint filed in this Court, any amended complaint now allowed would actually be the fourth complaint filed by these Plaintiffs, and the first to mention failure to pay general contractor's overhead and profit (O&P).  Defendant also challenges Plaintiffs' statement that they only recently learned USAA did not pay (O&P), when the "Repair/Replacement Cost Statement" USAA provided to Plaintiffs in January 2006, and which Plaintiffs attached to their proposed amended complaint, includes no payment for O&P, and conspicuously states, "The following items will not be considered in the Supplemental payment. ... 2.  Contractors overhead and profit not incurred." [28-2, p. 72]  Plaintiffs have not alleged they have presented to USAA any claim for O&P incurred in the repair or replacement of their house. Defendant contends the conclusory allegations of Plaintiffs proposed amended complaint do not satisfy the requirements of Rule 23.  The lion's share of Defendant's argument opposing the motion to amend is directed at whether the class allegations can survive a motion to dismiss. However, the issue to be addressed on this motion is not the ultimate viability of Plaintiffs' class allegations, but whether Plaintiffs should be permitted to amend their complaint to state them.

      The Court having considered the motion pleadings and argument of the parties finds that in light of the liberal standard applicable to amended pleadings, the fact that the motion to amend was timely filed under the case management order, and discovery is ongoing, the Court finds insufficient basis for denying the motion.  It is therefore,

      **ORDERED** that Plaintiffs' motion to amend the complaint is granted, this the 19th day of October, 2009.

                                           /s/ *Robert H. Walker*
                                           ROBERT H. WALKER
                                           UNITED STATES MAGISTRATE JUDGE