**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

---

**KEARY BURGER and
PHYLLIS BURGER**                                        **PLAINTIFFS**

**VS.**                                **CIVIL ACTION NO. 1:09cv264-LG-LHW**

**USAA CASUALTY INSURANCE COMPANY
and JOHN DOES 1-10**                                    **DEFENDANTS**

---

**DEFENDANT USAA CASUALTY INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

---

# TABLE OF CONTENTS

Page

*Preliminary Statement* ...................................................................................................1

I.    FACTUAL AND PROCEDURAL BACKGROUND ...........................................2

    A.    Original Complaint ..................................................................................2

    B.    First Amended Class Action Complaint ("FAC").......................................3

    C.    Documents Attached To The FAC ............................................................4

II.   MOTION TO DISMISS........................................................................................5

    A.    Legal Standard .......................................................................................5

    B.    The Vast Majority Of The Putative Class Members' Claims Are
        Barred By Limitations...............................................................................6

        1.    The class claims included in the FAC do not relate back to
            the Burgers' individual claims asserted in the original
            Complaint..................................................................................7

        2.    The filing of a class action does not toll limitations for
            members of the purported class whose claims were barred
            prior to October 19, 2009..........................................................9

        3.    Plaintiffs fail to plead that USAA CIC fraudulently
            concealed the class claims. ........................................................9

        4.    Plaintiffs fail to plead that USAA CIC should be equitably
            estopped from asserting a statute of limitations defense. ..............12

        5.    The applicable statute of limitations depends on the
            residence of each purported class member and the location
            of the property insured under each policy.....................................13

    C.    Plaintiffs Fail To State A Plausible Claim For Relief On Behalf Of
        The Proposed Class For Alleged Underpayment Of O&P.......................16

    D.    Plaintiffs Cannot State A Claim For Unjust Enrichment Under
        Mississippi Law When A Contract Exists Between The Parties................18

    E.    Plaintiffs Claim for Punitive Damages Should be Dismissed ..................19

*Conclusion* .......................................................................................................20

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aguilar v. Allstate Fire & Cas. Ins. Co.*
No. 06-4660, 2007 WL. 734809 (E.D. La. 2007) ..................................................3, 4

*Ashcroft v. Iqbal*
___ U.S. ___, 129 S. Ct. 1937 (2009) ...................................................................5, 6

*Ballen v. Prudential Bache Sec., Inc.*
23 F.3d 335 (10th Cir. 1994) .....................................................................................9

*Beavers v. Metro. Life Ins. Co.*
566 F.3d 436 (5th Cir. 2009) .....................................................................................9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ................................................................................................5, 6

*Bell v. Gen. Motors Corp.*
992 F. Supp. 859 (S.D. Miss. 1997) ...........................................................14, 15, 16

*Brackens v. Ennis State Bank*
252 F.3d 434, 2001 WL. 360647 (5th Cir. March 12, 2001) ....................................6

*Bryant v. Prime Ins. Syndicate, Inc.*
No. 1:07CV1126, 2009 WL. 1850941 (S.D. Miss. June 25, 2009) ............11, 16, 20

*Bush v. United States*
823 F.2d 909 (5th Cir. 1987) ..............................................................................7, 16

*Calderon v. Presido Valley Farmers Assoc.*
863 F.2d 384, 390 (5th Cir. 1989) ............................................................................9

*Cantu v. Jackson Nat. Life Ins. Co.*
579 F.3d 434 (5th Cir. 2009) ...................................................................................13

*Cliff v. Payco Gen. Am. Credits, Inc.*
363 F.3d 1113 (11th Cir. 2004) .................................................................................8

*Conley v. Gibson*
355 U.S. 41 (1957) .....................................................................................................5

*Edwards v. Allstate Prop. & Cas. Ins. Co.*
No. CIV. A. 04-2434, 2005 WL. 221558 (E.D. La. 2005) ................................11, 18

*Edwards v. Allstate Prop. & Cas. Ins. Co.*
No. CIV. A. 04-2434, 2005 WL. 221560 (E.D. La. Jan. 27, 2005) ........................11

*Fernandez-Montez v. Allied Pilots Ass'n*
987 F.2d 278, 284 (5th Cir. 1993) ............................................................................6

*Ferrer v. Chevron Corp.*
484 F.3d 776 (5th Cir. 2007) .....................................................................................4

*Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*

565 F.3d 200 (5th Cir. 2009) ...............................................................................5, 6

*Johansen v. E.I. Du Pont De Nemours & Co.*
810 F.2d 1377 (5th Cir. 1987) ...................................................................................7

*John v. Nat'l Security & Fire Cas. Co.*
No. 06-1407, 2008 WL. 394220 (W.D. La. Feb. 12, 2008)...................................17

*Johnson v. Kansas City S. Ry. Co.*
208 Fed. App'x. 292, 296 (5th Cir. 2006) ..............................................................15

*In re Katrina Canal Breaches Litig.*
495 F.3d 191 (5th Cir. 2007) .....................................................................................5

*Magee v. Sheffield Ins. Co.*
673 F. Supp. 194 (S.D. Miss. 1987)........................................................................19

*Mills v. Foremost Ins. Co.*
511 F.3d 1300 (11th Cir. 2008) ..............................................................................17

*Nguyen v. St. Paul Travelers Ins. Co.*
No. 06-4130, 2008 WL. 4534395 (E.D. La. Oct. 6, 2008) ....................................17

*Nguyen v. St. Paul Travelers Ins. Co.*
No. 6-4130, 2009 WL. 23677 (E.D. La. Jan. 25, 2009).........................................17

*Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*
___ U.S. ___, 129 S. Ct. 1109 (2009).......................................................................5

*Parkway Assoc. LLC v. Harleysville Mut. Ins. Co.*
129 Fed. App'x. 955, 962 (6th Cir. 2005) ..............................................................17

*Peralta v. Accept Acceptance, LLC*
No. 1:07-cv-1270, 2009 WL. 723910 (W.D. Mich. March 10, 2009)......................8

*SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*
167 F.3d 235 (5th Cir. 1999) .....................................................................................7

*Smith v. Nationwide Prop. & Cas. Ins. Co.*
505 F.3d 401 (6th Cir. 2007) .....................................................................................8

*Snellen v. State Farm Fire & Cas. Co.*
675 F. Supp. 1064 (W.D. Ky 1987).........................................................................17

*Superfos Inv. Ltd. v. Firstmiss Fertilizer, Inc.*
809 F. Supp. 450 (S.D. Miss. 1992).................................................13, 14, 15, 16

*Taylor v. United Parcel Serv.*
554 F.3d 510 (5th Cir. 2008) .....................................................................................9

*Tuchman v. DSC Commc'ns Corp.*
14 F.3d 1061 (5th Cir. 1994) .....................................................................................5

*In re Tug Robert J. Bouchard, Inc.*
No. 05-1420, 2006 WL. 3692677 (E.D. La. Dec. 11, 2006) ...............................7, 8

*U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*

125 F.3d 899 (5th Cir. 1997) ..................................................................6

*Williams v. United States*
405 F.2d 234, Rule 15(c)(1)(C) allows ...............................................7

*Williams v. WMX Techs., Inc.*
112 F.3d 175 (5th Cir. 1997) ..............................................................6

*Wright v. Life Investors Ins. Co. of Am.*
No. 2:08CV3-P-A, 2008 WL. 4450260 (N.D. Miss. 2008)...................18

## STATE CASES

*Bevis v. Linkous Const. Co., Inc.*
856 So. 2d 535 (Miss. App. 2003) ...............................................10, 11

*Channel v. Loyacono*
954 So. 2d 415 (Miss. 2007)...........................................................9, 10

*Ellis v. Anderson Tully Co.*
727 So. 2d 716 (Miss. 1998) ...............................................................18

*Engram v. Engram*
265 Ga. 804 (1995) ...............................................................................18

*Ford v. State Farm Ins.*
625 So. 2d 792 (Miss. 1993)..........................................................14, 16

*Frye v. S. Farm Bureau Cas. Ins. Co.*
915 So. 2d 486 (Miss. App. 2005) .......................................................11

*Hans v. Hans*
482 So. 2d 1117 (Miss. 1986) .............................................................18

*Johnston v. Palmer*
963 So. 2d 586 (Miss. App. 2007) .......................................................18

*Liparoto v. Gen. Shale Brick, Inc.*
772 N.W.2d 801 (Mich. App. 2009) ....................................................16

*Merideth v. Merideth*
987 So. 2d 477 (Miss. App. 2008) .................................................12, 13

*Miss. Dept. of Public Safety v. Stringer*
748 So. 2d 662 (Miss. 1999)................................................................12

*Mitchell v. Progressive Ins. Co.*
965 So. 2d 679 (Miss. 2007)................................................................12

*O'Brian v. Allstate Ins. Co.*
420 So. 2d 1222 (La. App. 1982).........................................................20

*Oaks v. Sellers*
953 So. 2d 1077 (Miss. 2007)..............................................................11

*Pate v. Conseco Life Ins. Co.*

971 So. 2d 593 (Miss. 2008).................................................................14

*Patton v. Mack Trucks, Inc.*
556 So. 2d 679 (Miss. 1989)...........................................................14, 16

*Peavey Elec. Corp. v. Baan U.S.A., Inc.*
10 So. 3d 945 (Miss. App. 2009)...........................................................12

*Poindexter v. S. United Fire Ins. Co.*
838 So. 2d 964 (Miss. 2003)...............................................................20

*Poindexter v. S. United Fire Ins. Co.*
880 So. 2d 373 (Miss. App. 2004)...........................................................20

*Ralph Walker, Inc. v. Gallagher*
926 So. 2d 890 (Miss. 2006)..................................................................7

*State Indus., Inc. v. Hodges*
919 So. 2d 943 (Miss. 2006)...............................................................10

*Taylor v. S. Farm Bureau Cas. Co.*
954 So. 2d 1045 (Miss. App. 2007).........................................................11

*Trustmark Ins. Co. v. Bank One, Arizona, N.A.*
202 Ariz. 535 (2002)........................................................................18

*Weidman v. Erie Ins. Group*
745 N.E.2d 292 (Ind. App. 2001).........................................................17

*Wilbourn v. Equitable Life Assur. Soc.*
998 So. 2d 430 (Miss. 2008)...............................................................20

*Young v. S. Farm Bureau Life Ins. Co.*
592 So. 2d 103 (Miss. 1991)...............................................................14

## STATUTES

Ariz. Rev. Stat. Ann. § 20-1115 (West 2009)................................................16

Miss. Code Ann. § 15-1-49(1) (West 2009) ...............................................14

Miss. Code Ann. § 15-1-5 (West 2009) .....................................................15

Miss. Code. Ann. § 15-1-65 (West 2009)...........................................13, 14, 15

Miss. Code Ann. §15-1-67 (West 2009).......................................................9

## RULES

Fed. R. Civ. P. 9(b) ......................................................................6, 10

Fed. R. Civ. P. 12(b)(6)......................................................................5

Defendant USAA Casualty Insurance Company ("USAA CIC") submits this memorandum in support of its motion to dismiss pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

### *Preliminary Statement*

Keary and Phyllis Burger (the "Burgers" or "Plaintiffs") seek to represent a nationwide class of insureds who have received payments from USAA CIC for covered losses to their property since August 15, 1998, and who allegedly were entitled to but were not paid an additional amount intended to cover the cost of a general contractor's overhead and profit ("O&P").  (First Amended Class Action Complaint ("FAC") ¶ 131.)  Plaintiffs cannot state claims on behalf of the proposed class for several reasons.

First, because the proposed class spans nearly eleven years, the vast majority of class members' claims expired long before the FAC was filed.  All proposed class members whose claims accrued before October 19, 2006—three years the before Plaintiffs filed the FAC—are time-barred as a matter of law.  Mississippi's three-year limitations period applies to all of the class claims, except for those already barred by limitations under another state's laws.  Therefore, the proposed class can consist, at most, only of individuals whose claims accrued on or after October 19, 2006.  The claims of all other class members must be dismissed.

Second, Plaintiffs fail to plead facts demonstrating that the proposed class was even entitled to a payment of O&P.  Although Mississippi has not announced a clear rule, many courts have found that O&P need only be paid as part of an initial actual cash value settlement if the nature and extent of covered damage to the insured's property is such that it would reasonably require the services of a general contractor to repair.  Other courts have found that an insured may not be entitled to O&P unless and until property has been repaired using the services of a general contractor.  Whatever standard applies, Plaintiffs fail to state a plausible claim for relief.

Not only do Plaintiffs fail to plead that any member of the proposed class actually repaired their property, much less that they used a general contractor to make those repairs, Plaintiffs also fail to plead facts demonstrating that the proposed class would have reasonably needed to do so. In this Circuit, plaintiffs must plead more than conclusory assertions that a general contractor would have been necessary to complete the repairs to survive dismissal under Rule 12(b)(6).

Finally, Plaintiffs fail to plead a plausible claim for unjust enrichment. In Mississippi, as in many other jurisdictions, a plaintiff cannot bring an unjust enrichment claim when a contract existed between the parties. Plaintiffs, likewise, fail to plead a claim for relief entitling them to punitive damages. In Mississippi, as in other states, an insured is not entitled to punitive damages unless coverage has been denied. Punitive damages are not available in pocketbook disputes like this one. Plaintiffs' only claim that can remain in this case is their breach of contract claim for alleged additional covered wind damage for which USAA CIC has not already made payment. All other claims, including the recently added class claims, should be dismissed.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Original Complaint

Plaintiffs filed their initial complaint ("Complaint") in this Court on April 15, 2009, asserting claims for negligence, gross negligence, and/or reckless disregard for rights of the plaintiffs, breach of contract, breach of the duty of good faith and fair dealing, bad faith and tortious breach of contract, waiver and estoppel. (Docket No. 1.) In the Complaint, Plaintiffs alleged that USAA CIC improperly investigated, adjusted, and denied coverage for claims the Burgers made under their USAA CIC homeowners insurance policy for damages incurred as a result of Hurricane Katrina on August 29, 2005. (*See id.*) The Complaint did not include any allegations regarding USAA CIC's alleged failure to pay general contractor's O&P. (*See id.*)

The Complaint was the third complaint the Burgers filed concerning their Katrina claim, but it was the first complaint that actually sued the proper USAA entity. The Burgers' two previous lawsuits were filed in state court in Mississippi and either wrongly named or served USAA as the defendant, rather than USAA CIC, which issued the Burgers' homeowners insurance. (*See* Docket No. 36, at Exhibits 3 & 4.)

On April 29, 2009, USAA CIC filed its answer to the Complaint, raising several defenses, including failure to state a claim under Fed. R. Civ. P. 12(b)(6) and to transfer venue pursuant to 28 U.S.C. § 1404. (Docket No. 8.) On July 13, 2009, Plaintiffs filed a motion for leave to file an amended complaint, which USAA CIC opposed. (*See* Docket Nos. 28-29, 36, 39.) On October 19, 2009, the Court granted the Plaintiffs' motion for leave to amend, which noted that USAA CIC's arguments opposing the amendment would be more properly addressed on a motion to dismiss. (*See* Docket No. 44.) Plaintiffs filed the FAC that same day. (Docket No. 45.)

### B.    First Amended Class Action Complaint ("FAC")

In the FAC, the Burgers now seek to represent a national class of insureds extending back nearly 11 years to August 15, 1998, who allegedly received dwelling loss payments from USAA CIC[1] but did not receive compensation for general contractor's O&P. (FAC ¶ 131.) Alternatively, the Burgers seek certification of a Mississippi-only class. (*Id.* ¶ 132.) Plaintiffs assert two causes of action on behalf of the class, tortious breach of contract and unjust enrichment, both of which are based on Plaintiffs' claim that USAA CIC improperly failed to pay

---

[1] Although the class allegations at paragraph 131 refer only to USAA, that company is not a defendant in this case. USAA CIC is the only defendant. The FAC does not add USAA as an additional party. For purposes of this motion, USAA CIC presumes Plaintiffs meant to reference it as the only defendant. If that is, however, incorrect, then USAA CIC objects to any attempted addition of USAA as a party. Plaintiffs only have standing to pursue class claims on behalf of individuals who purchased policies from USAA CIC. *See Aguilar v. Allstate Fire & Cas. Ins. Co.*, No. 06-4660, 2007 WL 734809, at *5 (E.D. La. 2007) ("The plaintiffs' concession that none of the named plaintiffs were insured by either Allstate Fire and Casualty or Allstate Property and Casualty is a concession that they lack standing to sue those defendants. And their attempts to establish Article III standing 'through the

O&P to the purported class.  (*Id.* ¶¶ 148-162.)  Plaintiffs also plead that the doctrines of

fraudulent concealment and equitable estoppel should be applied to toll the statute of limitations

for each purported class member's claims, because, Plaintiffs' contend, USAA CIC concealed the

proposed class members' alleged entitlement to O&P.  (*Id.* ¶¶ 140-145.)

> ### C.        Documents Attached To The FAC

Plaintiffs have attached two documents to the FAC: (1) the USAA CIC homeowners

insurance policy for their property in Gulfport, Mississippi, effective August 6, 2005 to August 6,

2006 ("the Policy" or "the Burgers' Policy"), and (2) the Repair/Replacement Cost Statement

itemizing the expenses for covered losses and the amount payable under their actual cash value

payment.  (Exs. A & B to FAC.)  Several provisions of these documents are relevant to this

motion.[2]

The Burgers' Policy states that USAA CIC will pay an insured, in relevant part, "no more

than the actual cash value of the damage unless: (a) actual repair or replacement is complete."

(Ex. A to FAC at USAA77 00222 ¶ 3(b)(4).)  The actual cash value provision allowed the

Burgers to "disregard the replacement cost loss settlement provisions and make claim under this

policy for physical loss to buildings on an actual cash value basis" and "then make claims within

180 days after loss for any additional liability on a replacement cost basis."  (*Id.* ¶ 3(b)(5).)  The

replacement cost loss settlement provisions, alternatively, allowed the Burgers to replace or

repair any damaged property and then receive the replacement cost without a deduction for

depreciation, subject to certain limitations.  (*Id.* ¶ 3(b)(1)-(3).)

---

backdoor of a class action' is unavailing.") (citation omitted).

[2] The documents attached to the FAC are considered part of the pleading for all purposes pursuant to Fed. R. Civ. P. 10(c).  *See Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) ("A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding.").

USAA CIC provided the Burgers' with a Repair/Replacement Cost Statement, dated February 6 and 7, 2006, which notified the Burgers that USAA CIC would not include contractor's O&P in the initial payment, but would pay O&P as part of any Supplemental Payment only if it was actually "incurred."  (*See* Ex. B to FAC.)  In addition, the Repair/Replacement Cost Statement stated that to comply with the replacement cost provisions of the Policy, the Burgers should, upon completion of repairs, provide "[r]eceipts/bills from contractors or repair bills showing that repairs have been completed and indicating the amount paid for those repairs … within 180 days of the date of loss."  (*Id*.)

## II.    MOTION TO DISMISS

### A.    Legal Standard

A complaint should be dismissed under Rule 12(b)(6) when it fails "to state a claim on which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The United States Supreme Court has eliminated the lax Rule 8 pleading standards formerly applied under *Conley v. Gibson*, 355 U.S. 41 (1957).  *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, ___ U.S. ___, 129 S. Ct. 1109, 1123 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007)).  To survive a motion to dismiss under the standard set forth by the Supreme Court in *Twombly*, a "plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570)).

To be sufficient, a complaint must plead specifics.  *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).  Conclusory allegations, unwarranted factual inferences, and legal conclusions stated as fact are not accepted as true and are insufficient to carry a complaint past a motion to dismiss.  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Brackens v. Ennis State Bank*, 252 F.3d 434, 2001 WL 360647, at *2 (5th Cir. March 12, 2001) ("'[C]onclusory allegations . . . will not suffice to prevent a motion to dismiss.'") (quoting *Fernandez-Montez v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions[s]' devoid of 'further factual enhancement.'" *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Complaints that contain allegations of fraud are subject to even stricter pleading requirements under Rule 9(b), which requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty*, 565 F.3d at 207. In other words, a plaintiff must plead the "'who, what, when, where, and how' of the alleged fraud." *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)). Failure to meet the requirements of Rule 9(b) requires dismissal. *See Flaherty*, 565 F.3d at 206.

### B.    The Vast Majority Of The Putative Class Members' Claims Are Barred By Limitations

Plaintiffs seek to represent a nationwide class of USAA CIC insureds spanning a period of almost 11 years. Not surprisingly, many of the proposed class members' claims are now time-barred as a matter of law. The class allegations included in the FAC do not relate back to the individual claims asserted in the original Complaint. Nor does the FAC revive any class

members' claims that were barred before the FAC was filed.  Because Plaintiffs fail to plead any facts that would support tolling the limitations period for the purported class, most of their claims have expired under their home states' statutes of limitations.  Where, as here, it is apparent from the complaint that plaintiffs' claims are time barred, the claims should be dismissed under Rule 12(b)(6).  *See Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987); *see also Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890, 897 (Miss. 2006) (holding trial court erred in denying defendant's Miss R. Civ. P. 12(b)(6) motion to dismiss because the first amended complaint had been filed outside the three-year statute of limitations).

### 1. The class claims included in the FAC do not relate back to the Burgers' individual claims asserted in the original Complaint.

Federal Rule of Civil Procedure 15 governs relation back in this diversity action. *Johansen v. E.I. Du Pont De Nemours & Co.*, 810 F.2d 1377, 1380 (5th Cir. 1987).  The Fifth Circuit has held that amendments changing the plaintiffs should be analyzed under Rule 15(c)(1)(C) and that "notice is the critical element involved in Rule 15(c) determinations."  *See In re Tug Robert J. Bouchard, Inc.*, No. 05-1420, 2006 WL 3692677, at *3 (E.D. La. Dec. 11, 2006) (citing *SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999) and *Williams v. United States*, 405 F.2d 234, 236 (5th Cir. 1968)).  Rule 15(c)(1)(C) allows an amended pleading to relate back to the date of an original pleading when: (1) it changes the party or the naming of the party; (2) the claim arose out of the conduct, transaction, or occurrence in the original pleading; (3) the party brought in by the amendment has received notice so that the party will not be prejudiced in maintaining a defense on the merits; and (4) the party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.  *SMS Fin.*, 167 F.3d at 244.

However, new claims asserted by new plaintiffs cannot relate back to an original pleading. *See Tug*, 2006 WL 3692677, at *3. Courts across the country have held that notice provided by an initial complaint asserting claims on an individual basis, or on behalf of a limited class, cannot serve as adequate notice of claims on behalf of all plaintiffs who may have similar claims. *See*, *e.g.*, *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401 (6th Cir. 2007) (allowing class claims to relate back to time of filing original complaint would unfairly prejudice defendants); *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004) (affirming district court's refusal to permit class claims on behalf of nationwide class added in amendment to relate back to the date of filing original complaint, which was filed on behalf of Florida-only class). The Western District of Michigan recently combined these principles in a case procedurally identical to this case, and held that class claims added in an amended complaint do not relate back to—and thus limitations are not tolled—by the filing of an original complaint asserting individual claims, particularly where the substantive basis for the class claims was not alleged in the original complaint. *See Peralta v. Accept Acceptance, LLC*, No. 1:07-cv-1270, 2009 WL 723910, at *3-5 (W.D. Mich. March 10, 2009) (two new class claims under Fair Debt Collection Practices Act alleging defendant engaged in systematic practices of deceptive conduct in filing state court collection lawsuits did not relate back to plaintiff's original complaint alleging individual claims under FDCPA for filing a time-barred collection action against plaintiff in state court).

The same result should follow here. While the Burgers' individual claims regarding O&P arguably arise out of the allegedly improper claims adjustment allegations in the Complaint, the other purported class members' claims clearly have no connection to the manner in which USAA CIC adjusted the Burgers' claims. Consequently, the original Complaint did not provide USAA

CIC with adequate notice that it would have to defend against class claims, much less class claims based on entirely new facts and theories of liability. Therefore, the class claims asserted in the FAC do not relate back to the date of the Complaint.

> **2.** **The filing of a class action does not toll limitations for members of the purported class whose claims were barred prior to October 19, 2009.**

The filing of a class action does not and cannot resurrect claims for which the statute of limitation has expired. *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 438-39, 441 (5th Cir. 2009) (*American Pipe* tolling does not resurrect time barred claims); *Taylor v. United Parcel Serv.*, 554 F.3d 510, 519 (5th Cir. 2008) (persons whose claims were time-barred could not be class members) (citing *Calderon v. Presido Valley Farmers Assoc.*, 863 F.2d 384, 390 (5th Cir. 1989)); *Ballen v. Prudential Bache Sec., Inc.*, 23 F.3d 335, 337 (10th Cir. 1994) (class action suit does not resurrect time-barred claim). The FAC was filed on October 19, 2009; therefore, any purported class members' claims that were barred prior to that date must be dismissed.

> **3.** **Plaintiffs fail to plead that USAA CIC fraudulently concealed the class claims.**

Plaintiffs did not and cannot allege facts showing that USAA CIC fraudulently concealed the class claims. With regard to fraudulent concealment, Miss. Code Ann. §15-1-67 provides:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. §15-1-67 (West 2009). The Mississippi Supreme Court has held that, to prevail on a claim of fraudulent concealment to toll a statute of limitations, the party asserting it must show (1) the other party engaged in some affirmative act or conduct which was designed to and performed in order to prevent discovery of the claim, and (2) due diligence was performed on his part to discover the claim. *See Channel v. Loyacono*, 954 So. 2d 415, 423-24 (Miss. 2007)

(conclusory assertion of fraudulent concealment with no allegation of affirmative act designed to conceal has no merit).  Moreover, a plaintiff must plead fraudulent concealment with particularity—and thus identify "the time, place, and contents of the false representation, in addition to the identity of the person who made them and what he obtained as a result."  *See State Indus., Inc. v. Hodges*, 919 So. 2d 943, 944 (Miss. 2006) ("When fraudulent concealment and other fraud-based allegations are asserted, the failure to plead sufficiently will result in the dismissal of the complaint.") (citations omitted); Miss. R. Civ. P. 9(b).

The FAC does not include a single factual allegation that would support application of the fraudulent concealment doctrine.  Not only do Plaintiffs fail to plead any affirmative action taken by USAA CIC to conceal their claims, they also fail to allege any facts demonstrating that they, or the purported class, acted with due diligence to discover their claims.  Instead, the FAC contains only conclusory allegations of fraudulent concealment:

> 140.    DEFENDANTS had a duty to disclose to Plaintiffs and Class Members (collectively "Class Plaintiffs" sometimes hereafter) their entitlement to general contractor's overhead and profit.

> 141.    Rather than disclose this information, DEFENDANTS actively and fraudulently concealed DEFENDANTS' obligation to pay O & P on the Class Plaintiffs' claims.

> 142.    Although Class Plaintiffs acted with due diligence, they were prevented from discovering their claims by DEFENDANTS' fraudulent concealment.  DEFENDANTS' fraudulent concealment tolls the running of any applicable statute of limitations.

(FAC ¶¶ 140-142.)

Moreover, Plaintiffs' claim that USAA CIC owes a duty to disclose some entitlement to pay O&P on every homeowners claim is, notably, a legal conclusion—not a factual assertion that the Court must take as true for purposes of a motion to dismiss.  *See Bevis v. Linkous Const. Co.,*

*Inc.*, 856 So. 2d 535, 540 (Miss. App. 2003) (refusing to consider allegations of duty owed to plaintiffs, when complaint included "nothing more than assertions of legal conclusions without any underlying allegations setting out a factual scenario giving rise to the alleged duties").  In any event, Mississippi has no statute or case law requiring an insurer to include O&P as part of an actual cash value claim payment.  *See Bryant v. Prime Ins. Syndicate, Inc.*, No. 1:07CV1126, 2009 WL 1850941, at *3 (S.D. Miss. June 25, 2009).[3]  Nor does Mississippi law impose any fiduciary duties of disclosure on the parties to an insurance contract.  *Taylor v. S. Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1048-50 (Miss. App. 2007) (insurance relationship is arms-length contractual relationship; insurer has no duty to disclose claim valuation practices to insured).

Finally, the Repair/Replacement Cost Statement that Plaintiffs attached as an exhibit to the FAC demonstrates that USAA CIC directly informed Plaintiffs in 2006 that they would not be paid O&P as part of their upfront payment, or as part of the Supplemental Payment, unless it was actually incurred.  (Ex. B to FAC.)  This document unquestionably placed the Burgers on notice of their claims, and limitations began running the date they received it.  *See Oaks v. Sellers*, 953 So. 2d 1077, 1083-84 (Miss. 2007) (insured was on notice of claim for purposes of tolling statute of limitations when claim for coverage was denied; knowledge of an insurance policy is imputed to an insured regardless of whether the insured read the policy); *Frye v. S. Farm Bureau Cas. Ins. Co.*, 915 So. 2d 486, 492 (Miss. App. 2005) ("knowledge of the terms of the insurance policies was imputed to all the Appellants, including those attempting to toll the

---

[3] *See also Edwards v. Allstate Prop. & Cas. Ins. Co.*, No. CIV. A. 04-2434, 2005 WL 221558, at *3 (E.D. La. 2005) ("because there is no Louisiana statute or case law which holds that a general contractor's profit and overhead costs are to be paid in the Actual Cash Value payment, it is difficult for the Court to conceive at this point that Allstate had the requisite intent to deceive plaintiff"); *Edwards v. Allstate Prop. & Cas. Ins. Co.*, No. CIV. A. 04-2434, 2005 WL 221560, at *4 (E.D. La. Jan. 27, 2005) ("the Court does not find a reasonable theory of recovery on the substantive claim of fraud against defendant … given the necessary elements for delictual fraud and intentional misrepresentation, the current state of the law regarding the payment of general contractors' overhead and profit costs, and the absence of alleged facts in the petition").

statute of limitations through the doctrine of fraudulent concealment"). The doctrine of fraudulent concealment simply does not apply here.

### 4. Plaintiffs fail to plead that USAA CIC should be equitably estopped from asserting a statute of limitations defense.

Plaintiffs also did not and cannot allege facts showing that USAA CIC engaged in any conduct warranting application of equitable tolling. Equitable estoppel only operates to toll applicable limitations statutes if the party asserting it (1) believed and relied on some representation; (2) changed his or her position as a result thereof; and (3) suffered detriment or prejudice caused by the change of position. *Mitchell v. Progressive Ins. Co.*, 965 So. 2d 679, ¶ 17 (Miss. 2007). The party asserting equitable estoppel has the burden of proof. *Id.* at 685. The remedy is extraordinary and should only be applied in egregious cases. *Peavey Elec. Corp. v. Baan U.S.A., Inc.*, 10 So. 3d 945, 954 (Miss. App. 2009).

Additionally, "inequitable or fraudulent conduct must be established to estop a party from asserting a statute of limitations defense." *Miss. Dept. of Public Safety v. Stringer*, 748 So. 2d 662, 665 (Miss. 1999) (internal citation omitted). Conclusory allegations of some unspecified inequitable conduct do not suffice. *See Merideth v. Merideth*, 987 So. 2d 477, 484 (Miss. App. 2008) (affirming denial of motion to amend complaint for failure to plead facts demonstrating inequitable conduct; noting district court's dismissal on pleadings for same reason). The FAC does not include any specific facts to support application of equitable estoppel. Instead, Plaintiffs allege:

> 143. DEFENDANTS concealed from Class Plaintiffs their entitlement to general contractor's overhead and profit.
>
> 144. DEFENDANTS' concealment prevented Class Plaintiffs from ascertaining that they were entitled to general contractor's overhead and profit and from asserting their rights.

145.    The statute of limitations applicable to Class Plaintiffs' claims should be equitably tolled.  Alternatively, as a consequence of DEFENDANTS' concealment of Class Plaintiffs' entitlement to general contractor's overhead and profit, DEFENDANTS should be equitably estopped from asserting a statute of limitations as a defense to any of the Class Plaintiffs' claims.

(FAC ¶¶ 143-145.)  Plaintiffs' vague and conclusory assertions that USAA CIC concealed the class members' entitlement to O&P are not adequate.  *Merideth*, 987 So. 2d at 484; *see also* Section II.B.3, *supra*.

### 5.    The applicable statute of limitations depends on the residence of each purported class member and the location of the property insured under each policy.

Because no tolling applies in this case, the Court must apply Mississippi choice-of-law rules to determine the period of limitations applicable to the purported class members' claims.  *See Cantu v. Jackson Nat. Life Ins. Co.*, 579 F.3d 434, 437 (5th Cir. 2009) (federal court sitting in diversity case must apply choice-of-law rules of forum state).  Mississippi ordinarily treats statute of limitations as procedural and applies its own limitations period to residents' and nonresidents' claims.  *Superfos Inv. Ltd. v. Firstmiss Fertilizer, Inc.*, 809 F. Supp. 450, 453 (S.D. Miss. 1992).  However, Mississippi has enacted a borrowing statute which defines how limitations periods apply to certain claims accruing outside the state.  Miss. Code. Ann. § 15-1-65 (West 2009).

The Mississippi borrowing statute provides:

When a cause of action has accrued outside of this state, and by the laws of the place outside this state where such cause of action accrued, an action thereon cannot be maintained by reason of lapse of time, then no action thereon shall be maintained in this state; provided, however, that where such a cause of action has accrued in favor of a resident of this state, this state's law on the period of limitation shall apply.

13

*Id*.  Therefore, Mississippi limitations periods do not apply to toll the claims of nonresidents when the claims are barred under the law of the state where the claim accrued.  *See Ford v. State Farm Ins.*, 625 So. 2d 792, 794 n.2 (Miss. 1993); *Patton v. Mack Trucks, Inc.*, 556 So. 2d 679, 680 (Miss. 1989); *Superfos*, 809 F. Supp. at 454 n.4; *Bell v. Gen. Motors Corp.*, 992 F. Supp. 859, 861-63 (S.D. Miss. 1997).  The only exception to this rule exists when a plaintiff's claim accrued outside Mississippi and was not barred before the plaintiff became a resident of Mississippi; in such situations, Mississippi limitations' periods apply to the resident's claims. *See Bell*, 992 F. Supp. at 861 (Mississippi borrowing statute's exception for Mississippi residents does not apply if claim(s) barred under other jurisdiction's laws before moved to Mississippi).

Consequently, the claims of the following members of the purported class are time-barred:

- Mississippi residents whose claims accrued in Mississippi prior to October 19, 2006

Section 15-1-49 of Mississippi Code provides a three-year statute of limitations for a breach of an insurance contract.  *See* Miss. Code Ann. § 15-1-49(1) (West 2009) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); *Pate v. Conseco Life Ins. Co.*, 971 So. 2d 593, 596 (Miss. 2008) (applying Section 15-1-49(1)'s three-year statute of limitations to breach of insurance contract claim).  An action for a breach of an insurance contract based on allegations of nonpayment "accrues at the time of the specific refusal to pay." *Young v. S. Farm Bureau Life Ins. Co.*, 592 So. 2d 103, 107 (Miss. 1991).  Because the FAC was filed on October 19, 2009, the three-year statute of limitations bars the tortious breach of contract claims of all Mississippi resident class members who were issued policies for property located in Mississippi and who received notice from USAA CIC of the amount of payment on his or her claim before October 19, 2006.

The statutory three-year limitations period also governs the unjust enrichment claims of all Mississippi resident class members who were issued policies in Mississippi, because that statute governs all tort claims unless state law provides otherwise. *See Johnson v. Kansas City S. Ry. Co.*, 208 Fed. App'x. 292, 296 (5th Cir. 2006). Mississippi does not have any special unjust enrichment statutes, and therefore the three-year limitations period applies. *Id.* Unjust enrichment claims accrue in Mississippi at the time plaintiff is on notice of the claim. *See id.* at 295-296 (finding that landowner's claim for unjust enrichment against railroad company and several telecommunications companies who allegedly benefitted from fiber optic cables they installed on the plaintiff's land was time-barred because it accrued when the plaintiff witnessed the installation ten years before filing suit). In sum, the unjust enrichment claims of all Mississippi resident class members who were issued policies for property located in Mississippi, and who received notice from USAA CIC of the amount of payment on his or her claim before October 19, 2006, are time-barred as a matter of law.

- Current Mississippi residents whose claims accrued in another state and whose claims were barred under the policy terms and/or the relevant statute of limitations of other jurisdiction(s)

Mississippi borrowing statute's exception for Mississippi residents does not apply if the claim(s) were barred under another jurisdiction's laws before the plaintiff moved to Mississippi. *See* Miss. Code Ann. § 15-1-65; *Bell*, 992 F. Supp. at 861. In addition, Mississippi would enforce contractual provisions limiting the statute of limitations where another state would allow it. *See Superfos*, 809 F. Supp. at 455; *Bell*, 992 F. Supp. at 863 (citing *Superfos*). The Burgers' Policy, which was attached as Exhibit A to the FAC, provides that "no action can be brought against [USAA CIC] unless you have…started the action within one year after the date of the loss." (Ex. A. to FAC at USAA77 00223 at ¶ 7(c).) Although such provisions are not enforceable as to Mississippi residents (Miss. Code Ann. § 15-1-5 (West 2009)), nonresident

members of the proposed class whose policies included such a provision are subject to this contractual limitations period. *See Superfos*, 809 F. Supp. at 455.[4]

- <u>All non-Mississippi residents whose claims were barred prior to October 19, 2009 under another state's laws</u>

Under Mississippi's borrowing statute, all nonresident class members' claims, which were barred prior to October 19, 2009, are not revived under Mississippi limitations periods. *See Ford*, 625 So. 2d at 794 n.2; *Patton*, 556 So. 2d at 680; *Superfos*, 809 F. Supp. at 454 n.4; *Bell*, 992 F. Supp. at 861-63.

- <u>All non-Mississippi residents whose claims were not barred prior to October 19, 2009 under another state's laws but accrued prior to October 19, 2006</u>

Absent application of borrowing statute, Mississippi courts would apply its three-year statute of limitations to the non-Mississippi residents' claims. *See* Hoffheimer, M., "Mississippi Conflict of Laws", 67 Miss. L. J. 175, 205, n.92 (1997). Therefore, if the claim of any nonresident class member accrued prior to October 16, 2006, it is time barred as a matter of law.

The Court should dismiss the claims of all purported class members that are time barred. *See Bush*, 823 F.2d at 910.

**C.    Plaintiffs Fail To State A Plausible Claim For Relief On Behalf Of The Proposed Class For Alleged Underpayment Of O&P**

This Court has recognized that no Mississippi court has addressed whether (and, if so, under what circumstances) an insurer is required to pay O&P in conjunction with a homeowners claim, and that other courts have split on the issue. *See Bryant*, 2009 WL 1850941, at *3. Some

---

[4] Other jurisdictions will enforce such provisions. *See, e.g., Liparoto v. Gen. Shale Brick, Inc.*, 772 N.W.2d 801, 805 (Mich. App. 2009) (contractual agreement to reduce the applicable limitations period "is to be enforced as written unless the provision violates the law or public policy or is otherwise unenforceable under traditional contract defenses, including duress, waiver, estoppel, fraud, or unconscionability"); Ariz. Rev. Stat. Ann. § 20-1115 (West 2009) (invalidating any insurance contract provision that would reduce the applicable limitations period to less than two years from the date on which the action accrued).

courts have held that O&P need not be paid unless and until repair or replacement is completed and the insured incurs the cost of a general contractor's O&P. *See Snellen v. State Farm Fire & Cas. Co.*, 675 F. Supp. 1064, 1066-68 (W.D. Ky 1987) (holding that O&P was properly deducted from actual cash value payment when insured "has neither repaired nor replaced her home nor evidenced any intention to do so"); *Weidman v. Erie Ins. Group*, 745 N.E.2d 292, 298 (Ind. App. 2001) ("before a settlement can be reached under either the replacement cost or actual cash value provisions of the policy, [insured] must prove what he expended, including his own labor and costs, and that those expenses were necessary").

Other courts have found that an insurer must pay O&P as part of an upfront payment to the insured only when the services of a general contractor are reasonably likely to be incurred in making the covered repairs, even if the covered repairs are never made. *See*, *e.g.*, *Nguyen v. St. Paul Travelers Ins. Co.*, No. 06-4130, 2008 WL 4534395, at *5 (E.D. La. Oct. 6, 2008); *Nguyen v. St. Paul Travelers Ins. Co.*, No. 6-4130, 2009 WL 23677, at *3 (E.D. La. Jan. 25, 2009) (denying motion for reconsideration); *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1306 (11th Cir. 2008); *Parkway Assoc. LLC v. Harleysville Mut. Ins. Co.*, 129 Fed. App'x. 955, 962 (6th Cir. 2005).

Despite which standard applies, the FAC fails to allege a plausible claim for relief because plaintiffs have not alleged any facts supporting their conclusory allegation that "the services of a general contractor were anticipated and required because of the loss and damage to Class Plaintiffs' dwellings." (*See* FAC ¶ 130.) *See also John v. Nat'l Security & Fire Cas. Co.*, No. 06-1407, 2008 WL 394220, at *2 (W.D. La. Feb. 12, 2008) ("In their class allegations, Plaintiffs make the conclusory allegation that if a claim requires more than two trades, they are automatically entitled to a general contractor resulting in 20% overhead and profit. The

17

complaints, as amended, allege no facts that would demonstrate the need for a general contractor, nor do they allege any contractual provision that automatically entitles Plaintiffs to a general contractor."); *Edwards*, 2005 WL 221558, at \*3 (dismissing complaint where plaintiffs failed to plead "facts or the circumstances which are necessary to give rise to the claim that a general contractor was necessary" where specific damages to insured's home were not adequately alleged).

**D.  Plaintiffs Cannot State A Claim For Unjust Enrichment Under Mississippi Law When A Contract Exists Between The Parties**

Plaintiff's unjust enrichment claim should be dismissed.  Under Mississippi law, "[t]o collect under an unjust enrichment or quasi-contract theory, the claimant must show 'there is no legal contract but ... the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain, but should deliver to another.'" *See Johnston v. Palmer*, 963 So. 2d 586, 596-97 (Miss. App. 2007) (citing *Ellis v. Anderson Tully Co.*, 727 So. 2d 716, 719 (Miss. 1998) and *Hans v. Hans*, 482 So. 2d 1117, 1122 (Miss. 1986)).  There is no question that a legally binding, written contract existed between the Burgers and USAA CIC. FAC ¶ 6; Ex. A to FAC.  Also, the class allegations plainly presume that contracts existed between the purported class members and USAA CIC.  (*See*, *e.g.*, FAC ¶¶ 130-131.)  S*ee also* n.1, *supra*.  Therefore, neither Plaintiffs nor the proposed class can state a claim for unjust enrichment under Mississippi law and dismissal is appropriate.  *Wright v. Life Investors Ins. Co. of Am.*, No. 2:08CV3-P-A, 2008 WL 4450260, at \*1 (N.D. Miss. 2008).[5]

---

[5] The same argument can also be made by many of the non-Mississippi resident class members under the state laws applicable to their claims. Numerous jurisdictions prevent unjust enrichment claims when a contract exists between the parties, or, stated differently, there is an adequate remedy at law, such as a breach of contract claim. *See*, *e.g.*, *Engram v. Engram*, 265 Ga. 804, 806 (1995) ("Unjust enrichment applies when as a matter of fact there is no legal contract ...."); *Trustmark Ins. Co. v. Bank One, Arizona, N.A.*, 202 Ariz. 535, 542 (2002) ("a party's right to seek unjust enrichment is not controlled by whether the party has an 'adequate' remedy at law-in the sense of providing all the relief the party desires-but by whether there is a contract which governs the relationship between

### E.    Plaintiffs Claim for Punitive Damages Should be Dismissed

Under Mississippi law, punitive damages are not available where an insured does not claim that an insurer denied a claim, but instead claims that the insurer underpaid a claim. *Magee v. Sheffield Ins. Co.*, 673 F. Supp. 194, 198 (S.D. Miss. 1987).  To determine whether punitive damages are appropriate against an insurer in a breach of contract claim, the court must determine "whether or not the insurance company had a justifiable reason or arguable basis for *denying* a valid claim."  *Id.* at 196 (emphasis in original).

*Magee* is particularly instructive here.  In *Magee*, an insured sued an insurer for tortious breach of contract and sought punitive damages alleging that the insurer acted in bad faith by offering to pay less than the actual cash value of the insured vehicle.  *Id.* at 195.  Although the court acknowledged that an offer of any sum of money would not automatically extinguish a punitive damages claim, it held that the dispute must be more than a "legitimate pocketbook dispute" for the jury to consider punitive damages.  *Id.* at 198.  The court found that "even if a jury were to conclude that the actual cash value of the vehicle at the time of loss was $37,062.50, Sheffield's offer of $34,000.00 does not, as a matter of law, amount to the level of gross negligence, intentional wrong, insult or abuse required to consist of an independent tort."  *Id.* Here, Plaintiffs have not alleged that USAA CIC denied coverage to the class.  (*See* FAC ¶ 131 (defining class as those USAA CIC insureds who received payment on covered claims).)  Rather, as in *Magee*, Plaintiffs allege USAA CIC underpaid for the actual cash value of their damaged property.  (*Id.* ¶ 151.)  Under *Magee*, this pocketbook dispute cannot raise a jury question on punitive damages because USAA CIC did not deny coverage.

---

the parties"). Nevertheless, as demonstrated in USAA CIC's Motion to Strike the Class Allegations, filed concurrently herewith, the class claims should be stricken in their entirety for failure to satisfy the prerequisites of Rule 23(d)(1)(D).

Moreover, Plaintiffs' bare assertion that USAA CIC "negligently . . . and/or intentionally breached the insurance contract . . . by making payment to Plaintiffs for loss of damage to their dwelling without including any amount for general contractor's overhead and profit" (*Id.* ¶ 151) does not constitute an independent tort or raise a fact issue on punitive damages under Mississippi law.  *See Bryant*, 2009 WL 1850941 at *3 (granting insurer's summary judgment motion on insured's bad faith and punitive damages claim for failure to include contractor's O&P in a claim check, in part, because no Mississippi court had held that an insured was entitled to these costs and other courts were split on the issue).

Accordingly, Plaintiffs' claim for punitive damages should be dismissed.  *See Wilbourn v. Equitable Life Assur. Soc.*, 998 So. 2d 430, 435 (Miss. 2008) ("[t]he motion for summary judgment is the functional equivalent of the Rule 12(b)(6) motion to dismiss, only it occurs at a subsequent stage of the proceedings."); *see also Poindexter v. S. United Fire Ins. Co.*, 838 So. 2d 964, 972 (Miss. 2003) (affirming 12(b)(6) dismissal of third party plaintiffs' bad faith claim against insurer for punitive damages because declaratory judgment statute did not authorize third party claims where insurer did not deny coverage, remanding to allow plaintiff to replead); *Poindexter v. S. United Fire Ins. Co.*, 880 So. 2d 373, 377 (Miss. App. 2004) (on remand, affirming trial court's dismissal on amended pleadings).[6]

## Conclusion

USAA CIC respectfully requests that its motion to dismiss be granted in its entirety.

_____

[6] It is likely that similar arguments can be made by some of the non-Mississippi resident class members under the state laws applicable to their claims. *See*, *e.g.*, *O'Brian v. Allstate Ins. Co.*, 420 So. 2d 1222, 1225 (La. App. 1982) ("The law is clear that where there is a reasonable dispute as to amount of loss, the insurer can avoid imposition of penalties and attorney's fees by unconditionally tendering part of the claim which is undisputed."). Nonetheless, as demonstrated in USAA CIC's Motion to Strike the Class Allegations, filed concurrently herewith,

Respectfully submitted, this 2nd day of December, 2009.

USAA CASUALTY INSURANCE COMPANY

By:    <u>s/James D. Boone</u>
       CHARLES G. COPELAND (MBN 6516)
       W. SHAN THOMPSON (MBN 9445)
       JANET ARNOLD (MBN 1626)
       JAMES D. BOONE (MBN 102377)

       COPELAND, COOK, TAYLOR AND BUSH, P.A.
       1076 Highland Colony Parkway
       600 Concourse, Suite 100 - 39157
       Post Office Box 6020
       Ridgeland, MS 39158
       Telephone: (601) 856-7200
       Facsimile: (601) 856-7626

       ATTORNEYS FOR DEFENDANT

---

the class claims should be stricken in their entirety for failure to satisfy the prerequisites of Rule 23(d)(1)(D).

<u>**CERTIFICATE OF SERVICE**</u>

I, James D. Boone, do hereby certify that I have this date electronically filed the

foregoing document with the Clerk of the Court using the ECF system which sent notification of

such filing to the following:

Don Barrett, Esq.
BARRETT LAW OFFICE
P.O. Box 987
Lexington, MS 39095

Dewitt M. Lovelace, Esq.
Alex Peet, Esq.
LOVELACE LAW FIRM, P.A.
36474 Emerald Coast Parkway, Suite 4202
Destin, FL 32541

Thomas P. Thrash, Esq.
THRASH LAW FIRM
101 Garland Street
Little Rock, AR 72201-1214

This the 2nd day of December, 2009.

s/James D. Boone
JAMES D. BOONE